NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEANGELO A. GREEN,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>MARGARET GILBERT, et al.,<br><br>    Defendants-Appellees. | No.    19-35760<br><br>D.C. No.<br>3:17-cv-05898-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 2, 2020[**]

Before:  O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

    DeAngelo Green, a Washington state prisoner, appeals from the district

court's grant of summary judgment in favor of prison officials at the Stafford

Creek Corrections Center in Aberdeen, Washington. The facts are known to the

parties, so we repeat them only as necessary to explain our decision.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral
argument.  See Fed. R. App. P. 34(a)(2).

Summary judgment was proper on Green's Eighth Amendment claim. Prison officials must take reasonable measures to ensure inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. Instead, a prison official can only be liable for deliberate indifference to a "substantial risk of serious harm," *id.*, when the official "knows of and disregards" that risk. *Id*. at 837. Here, the record shows that prison officials had no knowledge of any risk to Green before the incident on August 1, 2015. And no facts in the record suggest that Green expressed to Gleason any more than a general fear of danger before the incident on November 26, 2015. But to be liable, the official "must have more than a mere suspicion that an attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

II

Summary judgment was proper on Green's Due Process claim. We first decide "whether there exists a liberty or property interest of which a person has been deprived." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Green's general claims about prison discipline and housing decisions do not implicate cognizable liberty interests under the Fourteenth Amendment. *Ramirez v. Galaza*, 334 F.3d

850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *Anderson v. County of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995), *as amended*, 75 F.3d 448 (9th Cir. 1995) ("[T]here is no liberty interest in remaining in the general population").

## III

Summary judgment was proper on Green's Equal Protection claim. Green must show that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). No facts in the record support such a showing.[1]

## IV

Because Defendants-Appellees are entitled to summary judgment on all the underlying claims, the Court declines to reach whether they enjoy qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").[2]

**AFFIRMED.**

---

[1] Since Green failed to advance any specific arguments implicating Correctional Officers Boling, Estes, and Kilwien and Sergeant Rothwell, his claims against these four Defendants-Appellees are "deemed abandoned." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

[2] Appellees' three motions to strike, filed with this court on February 19, 2020, April 2, 2020, and July 21, 2020 are DENIED as moot. Appellant's motion to add documents to the record, filed with this court on August 31, 2020, is also DENIED as moot.